UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: BKY NO. 07-60350

Todd Dewaine Freier, ADV NO. 07-6052

Debtor,

R & R Ready Mix, Inc.,

Plaintiffs,

Todd Dewaine Freier,

Defendant.

## WITNESS LIST

1. Dave Luedeke. Mr. Luedeke is the owner of R & R Ready Mix, Inc. Mr. Luedeke will testify as to the discussions and representations by Debtor to obtain concrete material and services, and to forebear legal action and Entry of Judgment against Debtor.

2. Kim Moske. Ms. Moske is the Business Manager for R & R Ready Mix, Inc. Ms. Moske will testify also to the representations of Debtor to obtain concrete material and services, and to forebear legal action and Entry of Judgment against Debtor.

Dated: 6-20-, 2008

SWENSON LERVICK SYVERSON
TROSVIG JACOBSON, P.A.

By
Derek A. Trosvig
Attorneys for Plaintiffs
710 Broadway, P.O. Box 787
Alexandria, MN 56308
(320) 763-3141
Atty. Registration #241453

1

Court File No. 07-60350

SWENSON LERVICK SYVERSON
TROSVIG JACOBSON, P.A..
710 Broadway - Box 787
Alexandria, MN 56308
(320) 763-3141  FAX (320)763-3657

## AFFIDAVIT OF SERVICE BY U.S. MAIL

| | |
|---|---|
| STATE OF MINNESOTA | ) |
| | ) ss. |
| COUNTY OF DOUGLAS | ) |

LISA HEIEIE, of the City of Alexandria, County of Douglas, in the State of Minnesota, being duly sworn, says that on June 20, 2008, she served the attached:

Plaintiff's Memorandum of Law;
Plaintiff's Witness List; and
Plaintiff's Exhibit List.

upon the following named by mailing a true and correct copy thereof, in a sealed envelope, postage prepaid, and depositing the same in the U.S. mail at Alexandria, Minnesota:

DAVID MCLAUGHLIN
FLUEGEL HELSETH MCLAUGHLIN
ANDERSON & BRUTLAG, CHARTERED
25 NW 2ND STREET, SUITE 102
ORTONVILLE, MN 56278

MR GENE W DOELING, TRUSTEE
121 ROBERTS STREET
PO BOX 423
FARGO ND 58107-0423

UNITED STATES TRUSTEE
1015 U S COURTHOUSE
300 SOUTH 4TH STREET
MINNEAPOLIS MN 55415

_Lisa M. Heieie_
Lisa M. Heieie

Subscribed and sworn to before me
this 20th day of June, 2008.

_____
Notary Public

SHEILA A. PFENINGER
NOTARY PUBLIC-MINNESOTA
My Comm. Exp. Jan. 31, 2010

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:  BKY NO. 07-60350

Todd Dewaine Freier,  ADV NO. 07-6052

Debtor,

R & R Ready Mix, Inc.,

Plaintiffs,

Todd Dewaine Freier,

Defendant.

## PLAINTIFF'S EXHIBIT LIST

| | | |
|---|---|---|
| Plaintiff's Exhibit 1 | Trial Exhibit Index | Bate Nos. 000001-000002 |
| Plaintiff's Exhibit 2 | Report - Checks to Todd, T.F. Concrete, or Cash (January-December) | Bate Nos. 000003-000007 |
| Plaintiff's Exhibit 3 | Report - Personal Expenses and Cash Payments to Todd Freier by Year (January-December) | Bate Nos. 000008-000025 |
| Plaintiff's Exhibit 4 | Report - Personal Expenses by Year (January-December) | Bate Nos. 000026-000039 |
| Plaintiff's Exhibit 5 | Report - Off-Season by Year (November-April) | Bate Nos. 000040-000050 |
| Plaintiff's Exhibit 6 | Report - Deposits by Year (January-December) | Bate Nos. 000051-000056 |
| Plaintiff's Exhibit 7 | Report – T.F. Concrete, Inc.'s Income Tax Receivables and Bank Statement Deposits | Bate No. 000058 |
| Plaintiff's Exhibit 8 | Report – Phone | Bate Nos. 000059-000060 |
| Plaintiff's Exhibit 9 | American Express Statements | Bate Nos. 000061-000067 |

1

| | | |
|---|---|---|
| Plaintiff's Exhibit 10 | Bremer Bank Statements | Bate Nos. 000068-000142 |
| Plaintiff's Exhibit 11 | Capital One Statements | Bate Nos. 000143-000176 |
| Plaintiff's Exhibit 12 | Hometown Community Bank Checks to Todd Freier, T.F. Concrete, or Cash | Bate Nos. 000177-000259 |
| Plaintiff's Exhibit 13 | Hometown Community Bank Deposits | Bate Nos. 000260-000329 |
| Plaintiff's Exhibit 14 | Hometown Community Bank Off Season Checks (November-April) | Bate Nos. 000330-000414 |
| Plaintiff's Exhibit 15 | Hometown Community Bank Selective Seasonal Checks | Bate Nos. 000415-000503 |
| Plaintiff's Exhibit 16 | T.F. Concrete Income Tax Return Receivables | Bate Nos. 000504-000507 |
| Plaintiff's Exhibit 17 | Sprint Statements | Bate Nos. 000508-000511 |
| Plaintiff's Exhibit 18 | Cellular One Statements | Bate Nos. 000512-000533 |
| Plaintiff's Exhibit 19 | Letter dated 12/28/04 to Todd Freier from R&R Ready-Mix | Bate No. 000534 |
| Plaintiff's Exhibit 20 | Letter dated 2/21/05 to Todd Freier from SLSTJ | Bate Nos. 000535-000536 |
| Plaintiff's Exhibit 21 | T.F. Concrete, Inc.'s Financial Statement dated 3/7/05 | Bate Nos. 000537-000538 |
| Plaintiff's Exhibit 22 | Settlement Agreement dated 3/31/05 | Bate Nos. 000539-000541 |
| Plaintiff's Exhibit 23 | Letter dated 8/22/05 to Todd Freier from R&R Ready-Mix | Bate No. 000542 |
| Plaintiff's Exhibit 24 | Notice of Entry and Statement of Judgment dated 9/8/05 | Bate No. 000543 |
| Plaintiff's Exhibit 26 | Letter dated 3/27/06 to Gary Syverson from Todd Freier (w/attachments); | Bate Nos. 000544-000546 |

| | | |
|---|---|---|
| Plaintiff's Exhibit 27 | Garnishment Summons dated 6/20/06 | Bate Nos. 00547-000549 |
| Plaintiff's Exhibit 28 | Nonearnings Disclosure | Bate Nos. 000550-000551 |
| Plaintiff's Exhibit 29 | Plaintiff's Post Judgment Request for Production of Documents and Things dated 6/20/06 | Bate Nos. 000552-000555 |
| Plaintiff's Exhibit 30 | Letter dated 8/14/06 to Derek Trosvig from Todd Freier | Bate No. 000556 |
| Plaintiff's Exhibit 31 | MN Secretary of State Business Organization Inquiry dated 7/28/06 | Bate Nos. 000557 |
| Plaintiff's Exhibit 32 | Complaint, dated 4/9/07 | Bate Nos. 000558-000562 |
| Plaintiff's Exhibit 33 | Notice and Acknowledgment of Service by Mail, signed 4/23/07 | Bate Nos. 000563-000564 |
| Plaintiff's Exhibit 34 | 2003 Income Tax Return Form 1120S for T.F. Concrete, Inc. | Bate Nos. 000565-000579 |
| Plaintiff's Exhibit 35 | 2004 Income Tax Return Form 1120S for T.F. Concrete, Inc | Bate Nos. 000580-000593 |
| Plaintiff's Exhibit 36 | 2005 Income Tax Return Form 1120S for T.F. Concrete, Inc. | Bate Nos. 000594-000607 |
| Plaintiff's Exhibit 37 | T.F. Concrete, Inc.'s Accounts Payable 2005 List | Bate Nos. 000608-000609 |
| Plaintiff's Exhibit 38 | Bremer Personal Financial Statement for Todd Freier dated 7/1/03 | Bate Nos. 000610-00013 |
| Plaintiff's Exhibit 39 | Bremer Personal Financial Statement for Todd Freier dated 10/19/06 | Bate Nos. 000614-000618 |
| Plaintiff's Exhibit 40 | Defendant's Answers to Interrogatories to Plaintiff dated 2/21/08 | Bate Nos. 000619-000630 |

| | | |
|---|---|---|
| Plaintiff's Exhibit 41 | General Casualty Insurance Policy for T.F. Concrete, Inc., Policy Period: 11/19/04-11/19/05 | Bate Nos. 000631-000634 |
| Plaintiff's Exhibit 42 | Grinnell Mutual Insurance Policy for T.F. Concrete, Inc., Policy Period: 1/3/06-1/3/07 | Bate Nos. 0000635-650 |
| Plaintiff's Exhibit 43 | Condensed Deposition Transcript of Todd Freier taken 3/15/06 | Bate Nos. 000651-000674 |
| Plaintiff's Exhibit 44 | Report - Expenses-Seasonal (April-October) | Bate Nos. 0000675-000684 |

Dated this 18 day of June, 2008.

SWENSON, LERVICK, SYVERSON TROSVIG, JACOBSON, P.A.

Derek A. Trosvig
Attorneys for Plaintiffs
710 Broadway, P.O. Box 787
Alexandria, MN 56308
320-763-3141
Attorney Reg. No. 241453

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:  BKY NO. 07-60350

Todd Dewaine Freier,  ADV NO. 07-6052

Debtor,

R & R Ready Mix, Inc.,

Plaintiffs,

Todd Dewaine Freier,

Defendant.

## PLAINTIFF'S PRETRIAL MEMORANDUM OF LAW

### PLAINTIFF'S CLAIMS

Todd Freier filed for relief under Chapter 7 of the United States Bankruptcy Code on or about June 11, 2007. Within his bankruptcy schedules, Freier lists Plaintiff as a creditor holding an unsecured, nonpriority claim in the amount of $150,882.97. Freier's schedules indicate the debt was "incurred for business purposes."

Plaintiff holds a valid state court judgment against T.F. Concrete, Inc. in the amount of $150,882.97. Freier is the sole shareholder, officer, director, and employee of T.F. Concrete, Inc. Immediately prior to the filing of the bankruptcy, Plaintiff initiated a law suit against T.F. Concrete, Inc., Todd Freier, and Concrete Productions, Inc. on the theories of Fraudulent Transfers, Successor Liability, and Plaintiff sought to pierce the corporate veil to extend personal liability to Freier for the debts of his corporation, T.F.

1

Concrete, Inc. Freier admitted receipt of the Summons and Complaint on April 23, 2007. Rather then answering and defending against the state court action, Freier instead filed this present Chapter 7 bankruptcy proceeding, which has stayed prosecution of the state court claims. Accordingly, Plaintiff's claims against Freier in the state court action have not been determined.

Freier has listed the debt to T.F. Concrete, Inc. within his bankruptcy schedules and is seeking to discharge liability for the debts of T.F. Concrete, Inc. Plaintiff filed the present adversary proceeding on September 9, 2007 asserting that the debt to Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(2) and 11 U.S.C. §523(a)(4).

Plaintiff believes the evidence will show that Freier represented to Plaintiff that he would pay for the materials and services provided to him, and once Freier failed to pay for the materials, he made further representations to forbear Plaintiff from pursuing judgment against T.F. Concrete, Inc., and to convince Plaintiff to continue providing materials and service on credit. Plaintiff believes that the representations were false, and that the evidence will establish Freier had no intention to pay for the materials and services provided by Plaintiff, and had no intention of following through with the agreed upon settlement agreement. The evidence will show a pattern of Freier's business practices of self-dealing, payment of personal expenses with corporate assets, and conversion of corporate of assets to personal use leaving the corporation insolvent and unable to pay its bills, while at the same Freier was profiting handsomely. The evidence will further show that Freier is not credible, and has a history of deceit and false

2

representations, including false statements in his deposition, filing false tax returns and depreciation statements, and unethical and illegal business practices such as falsely insuring personal property on corporate insurance policies.

Plaintiff further believes that as the sole shareholder, officer, director and employer of T.F. Concrete, Inc. that Freier was acting in a fiduciary capacity. The evidence will establish that Freier committed fraud and defalcation while acting in his fiduciary capacity.

## DISCUSSION

### A.    CLAIMS UNDER 11 U.S.C. § 523(a)(2)

11 U.S.C. § 523(a)(2) excepts from discharge any debts:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
    (B) use of a statement in writing —
        (i)   that is materially false;
        (ii)  respecting the debtor's or an insider's financial condition;
        (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
        (iv) that the debtor caused to be made or published with intent to deceive;

*11 U.S.C. § 523(a)(2)(A) and (B)*. The elements necessary to except a debt based upon a false writing are listed within the statute itself and are self explanatory.

To except a debt under 11 U.S.C. § 523(a)(2)(A), as one for extension of credit obtained by a debtor's false pretenses, false representations or actual fraud, it must be proven:

    (1) the debtor made the false representations;
    (2) that at the time, he knew they were false;
    (3) that he made them with the intention and purpose of deceiving the creditor;
    (4) that the creditor relied on such representations;
    (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*See Thul v. Ophaug (In re Ophaug),* 827 F.2d 340, 342 n.1 (8th Cir. 1987).

In this case Plaintiff intends to proceed under subsection (A) concerning false statements, and under subsection (B) concerning a false writing. Each element must be proven by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991).

Fraud can be based on any type of conduct calculated to convey a misleading impression. *Gadtke v. Bren,* 284 B.R. 681, 695 (D. Minn. 2002). Thus it is not relevant whether the representation is express or implied. *Id.* Accordingly, silence or the concealment of a material fact can be the basis of a false representation actionable under 11 U.S.C. § 523(a)(2)(A). *Id.*

A false pretense involves implied misrepresentation or conduct intended to create and foster a false impression. *Id. at 692.* For purposes of 11 U.S.C. § 523(a)(2)(A), a misrepresentation denotes not only words spoken or written but also any other conduct that amounts to an assertion not in accordance with the truth. *Id. at 692-693.* Because

4

direct proof of intent (i.e. the debtor's state of mind) is nearly impossible to obtain, courts will look to the surrounding circumstances and evidence from which intent may be inferred. *Id. at 693*. A false representation made under circumstances where a debtor should have known of the falsity is one made in reckless disregard for the truth, and satisfies the knowledge requirement. *Id.*

The weight of the evidence will show that Debtor never had any intention to pay Plaintiff for the materials and services, and never intended to follow through with the settlement agreement and payments promised by Debtor. A promise to perform a future act is an actionable representation if made with the intention not to perform. *Gadtke v. Bren*, 284 B.R. 681, 690 (D. Minn. 2002).

The weight of the evidence will further show that Debtor submitted a corporate financial statement to Plaintiff that intentionally misrepresented T.F. Concrete's assets and liabilities, and which induced Plaintiff to forbear the collection lawsuit, enter into a settlement agreement with Debtor, and continue to provide materials to Debtor on credit.

## B. CLAIMS UNDER 11 U.S.C. § 523(a)(4)

11 U.S.C. § 523(a)(4) excepts from discharge any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. To prevail on a complaint to except debt from discharge as one for debtor's fraud or defalcation while acting in fiduciary capacity, plaintiff must establish: (1) that debtor was acting in a fiduciary capacity, and (2) debtor committed fraud or defalcation in the course of that fiduciary relationship. *Smith v. Wheeler*, 317 B.R. 783, 789 (N.D. Iowa 2004). Whether a

relationship is a fiduciary relationship within the meaning of 11 U.S.C. § 523(a)(4) is an issue of federal law. *Tudor Oaks Ltd. Partnership v. Cochrane (In re Cochrane)*, 124 F.3d 978, 984 (8th Cir. 1997), *cert. denied*, 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed. 109 (1998).

The fiduciary relationship must be one arising from an express or technical trust. *Buchholz v. Cook (In re Cook)*, 263 B.R. 249, 254 (Bankr. N.D. Iowa 2001). The "technical" or "express" trust requirement is not limited to trusts that arise by virtue of a formal trust agreement, but includes relationships in which trust-type obligations are imposed pursuant to statute or common law. *Id. at 255.* Bankruptcy Courts regularly look to state law to determine whether a fiduciary capacity exists. *Buchholz v. Cook (In re Cook)*, 263 B.R. 249, 255 (N.D. Iowa 2001), *see also Barclays American/Business Credit Inc. v. Long,* 774 F.2d 875, 878 (8th Cir. 1985)( "We recognize that there are cases charging individuals, by virtue of their corporate officer status, with the corporation's fiduciary duties. [citations omitted] To the extent these cases hold that a statute or other state law rule may create fiduciary status in an officer which is cognizable in bankruptcy proceedings, we agree.") State law is therefore important in determining whether a party has acted in a fiduciary capacity. *Buchholz v. Cook (In re Cook)*, 263 B.R. 249, 255 (N.D. Iowa 2001).

    **1.** **Pursuant to Minnesota law Debtor was acting in a fiduciary capacity as the sole shareholder, officer, director and employee of T.F. Concrete, Inc., and also Minnesota law establishes fiduciary and trust obligations**

**for building contractors to hold all proceeds received from its building customers in trust for the benefit of all material providers.**

Minnesota Chapter 302A governs Minnesota Corporations and the conduct and duties of its officers. Several sections contained within Chapter 302A create a fiduciary capacity upon officers of corporations. Of primary relevance is Minn. Stat. § 302A.361 which reads in part:

> An officer shall discharge the duties of an office in good faith, in a manner the officer reasonably believes to be in the best interests of the *corporation*, and with the care an ordinarily prudent person in a like position would exercise under similar circumstances. . . . .

*M.S.A. § 302A.361 (emphasis added).*

Similarly, Minn. Stat. § 302A.551 imposes upon officers/directors of a corporation the duty to determine that the corporation will be able to pay its debts before authorizing distributions.

> Subdivision 1. When permitted. (a) The board may authorize and cause the corporation to make a distribution only if the board determines, in accordance with subdivision 2, that the corporation will be able to pay its debts in the ordinary course of business after making the distribution and the board does not know before the distribution is made that the determination was or has become erroneous.
> (b) The corporation may make the distribution if it is able to pay its debts in the ordinary course of business after making the distribution.

*M.S.A. § 302A.551, Subdivision 1(a) and (b).*

Further evidence of the fiduciary and trust obligations imposed upon officers of corporations by Minnesota law is found in the definition of "fiduciary" contained within the Uniform Fiduciaries Act at Minnesota Statues Chapter 520. Minnesota Statute §

520.01 defines fiduciary as, "'Fiduciary' includes a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, partner, agent, officer of any corporation public or private, public officer, or any other person acting in a fiduciary capacity for any person, trust, or estate." *M.S.A. §520.01 Subd. 3.*

Debtor's position as the sole shareholder, officer, director and employee of a corporation operating as a building contractor confers trust and fiduciary obligations upon Debtor. Minnesota Statute § 514.02 subd. 1(a) reads in relevant part:

> Subdivision 1. Proceeds of payments; acts constituting theft. (a) Proceeds of payments received by a person contributing to an improvement to real estate within the meaning of section 514.01 shall be held in trust by that person for the benefit of those persons who furnished the labor, skill, material, or machinery contributing to the improvement. . . . .

*M.S.A. § 514.02, subd. 1(a).* The language of the statute creates an express trust and imposes upon the contractor fiduciary obligations to use money from a job to satisfy material providers. In the present case, Freier has testified that he includes the cost for materials when bidding work, and adds a minimum of 100% to the material cost for his labor and profit. Freier further testified in his deposition that he has collected on all of the work he has performed, and no customers owe him money. Obviously Freier was not using the money to pay for the cost of materials as required by Minn. Stat. §514.02, subd. 1(a). At first glance, the case of *In re Crea*, 31 B.R. 239 (D.Minn. 1983) seems to indicate that §514.02, subd. 1 cannot form the basis for finding a fiduciary relationship for purposes of 11 U.S.C. §523(a)(4). *In re Crea* considered a prior version of Minn.

8

Stat. § 514.02 subd. 1, and the language of the statute has since been amended to require that payments be "held in trust" among other changes which call into question *In re Crea*. In addition, subsequently decided cases leave open a determination that Minn. Stat. §514.02, subd. 1(a) can form the basis to satisfy the fiduciary relationship required by 11 U.S.C. §523(a)(4). As an example, in dicta the court in *Gadtke v. Bren (In re Bren)*, 284 B.R. 681 (D.Minn. 2002) implied that Minn. Stat. §514.02, subd. 1(a) may form the requisite fiduciary relationship between a debtor contractor and material provider. The court stated, "Secondly, even if the Minnesota statute [Minn. Stat. §514.02, subd. 1(a)] does create a fiduciary relationship that satisfies the fiduciary requirement of 11 U.S.C. 523(a)(4), the fiduciary relationship is between the contractor and his *subcontractors*, not between the contractor and his client. *Gadtke v. Bren (In re Bren)*, 284 B.R. 681, 697 (D.Minn. 2002) *(emphasis in original)*. Cases in other jurisdictions have determined that lien laws similar in substance to Minnesota have satisfied the "fiduciary relationship" requirement of the bankruptcy act and have denied discharge on that basis. *See generally Matter of Polidoro,* 12 B.R. 867 ((Bankr. E.D. N.Y. 1981), *In re McCormick*, 283 B.R. 680 (Bankr. W.D. Pa. 2002), *In re Marino*, 139 B.R. 380 (Bankr. D. Md. 1992), *Matter of Karsten*, 16 B.R. 704 (Bankr. E.D. Wis. 1982).

Minnesota case law further recognizes the duty an officer owes not only to the corporation, but also to the corporation's creditors. The Minnesota Supreme Court in *Snyder Electric Co. v. Fleming*, 305 N.W.2d 863 (Minn. 1981) recognized the fiduciary obligations owed by a corporate officer, especially concerning self-dealing in times of

corporate insolvency. "When a corporation is insolvent, or on the verge of insolvency, its directors and officers become fiduciaries of the corporate assets for the benefit of creditors." *Snyder Electric Co. v. Fleming*, 305 N.W.2d 863, 869 (Minn. 1981). "As fiduciaries, they cannot by reason of their special position treat themselves to a preference over other creditors." *Id.* The language of the *Snyder* decision creates an express trust relationship and imposes upon the corporate officers the duty to manage assets for the benefit of the corporation's creditors.

In the present case, the evidence will show that Debtor obtained his concrete materials and services from Plaintiff, charging and receiving from his customers the cost of the concrete materials but failing to pay R&R. The evidence will establish a pattern of Debtor converting large amounts of cash and other corporate assets to his personal gain, as well as paying for personal expenses using corporate accounts, despite the corporation's failure and inability to satisfy its outstanding liabilities. "Draining a corporation's assets for the personal benefit of an officer may thus create a bar to discharge." *Barclays American/Business Credit v. Long (In re Long)*, 774 F.2d 875, 878 (8th Cir. 1985) (*quote is contained within FN 3), citing John P. Maguire & Co. v. Herzog*, 421 F.2d 419 (5th Cir. 1970). The evidence will establish that Debtor and T.F. Concrete, Inc. were alter egos, and that T.F. Concrete, Inc. was merely a facade through which the debtor could obtain personal benefit for his personal dealings while hiding behind the corporate identity.

The primary purpose and intent of the Bankruptcy Act is to provide *honest* debtors relief from unfortunate and unintended circumstances, and provides the equitable remedy of a "fresh start." The evidence will show that as an officer of T.F. Concrete, Inc. the debtor provided false testimony at his deposition and meeting of creditors, filed false tax returns, siphoned all corporate cash without payment to creditors, received in-kind income from the corporation by charging and paying for personal expenses with corporate accounts, abandoned T.F. Concrete, Inc. leaving it insolvent and formed a new corporation when he could no longer extract personal gain, together with numerous other examples of bad faith and fraudulent behavior. Debtor does not have "clean hands" and is not the type of "honest" debtor for which the Bankruptcy Code intended to grant relief.

2. **The case of *Black's Inc. v. Decker (In re Decker)*, 36 B.R. 452 (D.C.N.D. 1983) held that a corporate officer is in a "fiduciary relationship" for purposes of U.S.C. §523(a)(4) and the officer's fiduciary obligation is designed for the protection of the entire community of interests in the corporation, including its creditors.**

The court in *Black's Inc. v. Decker (In re Decker)*, 36 B.R. 452 (D.C.N.D. 1983) was faced with the similar issue of whether a debtor's position as an officer of a corporation could satisfy the "fiduciary relationship" requirement of 11 U.S.C. §523(a)(4). The court's opinion contains a thorough discussion of the relevant authorities concerning this issue, and rather than attempt to summarize the court's opinion I will simply cut and paste the relevant discussion contained within the opinion into this Memorandum of Law. The relevant portion of the court's opinion in *Black's Inc. v. Decker (In re Decker)*, 36 B.R. 452 (D.C.N.D. 1983) follows:

11

[1] Black's bases their claim of exception to discharge on one or both of two subsections of 11 U.S.C. § 523(a). The first is 11 U.S.C. § 523(a)(2), which calls for nondischarge when an individual debtor obtains money, property, services, or an extension, renewal, or refinance of credit, by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). The second is 11 U.S.C. § 523(a)(4), which provides that a debt is nondischargeable when incurred through fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. 11 U.S.C. § 523(a)(4).

This court will determine the applicability of 11 U.S.C. § 523(a)(4). Black's contends the debts owed by Decker to Black's are debts incurred through fraud or defalcation while Decker was acting in a fiduciary capacity, barring discharge of the debts owed to Black's. Decker contends, however, that he did not have a fiduciary relationship with Black's within the meaning of 11 U.S.C. § 523(a)(4) and the debts were not incurred through fraud or defalcation.

The meaning of the term "fiduciary capacity" in section 523(a)(4) is not clear. The former Bankruptcy Act contained a provision expressly excepting from discharge debts created by fraud, embezzlement, misappropriation, or defalcation of the debtor while acting as an officer or in any fiduciary capacity. Bankruptcy Act § 17(a)(4), 11 U.S.C. § 35(a)(4). Section 523(a)(4) of the new Bankruptcy Code contains no reference to an "officer." 11 U.S.C. § 523(a)(4). Nevertheless, this "omission is without significance because an officer who misappropriates funds of a corporation is acting in a fiduciary capacity, and despite the deletion of the word 'officer,' the debt would be nondischargeable." *In re Fussell,* 15 B.R. 1016, 1020 (D.Va.1981).

Similarly, in *Pepper v. Litton,* 308 U.S. 295, 306-07, 60 S.Ct. 238, 245-46, 60 S.Ct. 238 (1939), the Supreme Court held:

A director [of a corporation] is a fiduciary. *Twin-Lick Oil Co. v. Marbury,* 91 U.S. 587, 588 [1 Otto 587, 588, 23 L.Ed. 328 (1800) ]. So is a dominant or controlling stockholder or group of stockholders. *Southern Pacific Co. v. Bogert,* 250 U.S. 483, 492 [39 S.Ct. 533, 537, 63 L.Ed. 1099 (1919) ]. Their powers are in trust. See *Jackson v. Ludeling,* [88 U.S. 616] 21 Wall. 616, 624 [22 L.Ed. 492 (1800) ]. Their dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the good faith of the *457 transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein. *Geddes v. Anaconda Copper Mining Co.,* 254 U.S. 590, 599 [41 S.Ct. 209, 212, 65 L.Ed. 425 (1921) ]. The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length transaction. If it does not, equity will set it aside. While normally that fiduciary obligation is enforceable directly by the corporation or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee. For that standard of fiduciary obligation is

designed for the protection of the entire community of interests in the corporation-creditors as well as stockholders.

308 U.S. at 306-07, 60 S.Ct. at 245-46 (footnotes omitted). In *Pepper* the Court held that the bad faith of a corporate officer in the corporate bankruptcy proceeding could be used to set aside a claim even if it had been reduced to a judgment. *Id.* at 310, 60 S.Ct. at 246.

It is well established that corporate officers occupy a fiduciary relationship to the corporation and its creditors. *E.g., Id.; Westgor v. Grimm,* 318 N.W.2d 56 (Minn.1982). Indeed, the "president of a private corporation entrusted with funds for a particular purpose ... [has] been held to be acting in a fiduciary capacity within the meaning of this [11 U.S.C. § 523(a)(4) ] provision." *Fussell,* 15 B.R. at 1021, quoting 3 *Collier on Bankruptcy* § 523.14 at 523-104 (15th ed.). *See also In re Metz,* 6 F.2d 962 (2d Cir.1925) (term "officer" in section 17(a)(4) of former Bankruptcy Act includes officers of private corporations); *In re Bernard,* 87 F.2d 705 (2d Cir.1937) (officer's liabilities created by a known breach of duty to the corporation not dischargeable); *In re Hammond,* 98 F.2d 703 (2d Cir.), *cert. denied,* 305 U.S. 646, 59 S.Ct. 149, 83 L.Ed. 418 (1938) (corporate director was a fiduciary under the former Act); *Hamby v. St. Paul Mercury Indemnity Co.,* 217 F.2d 78 (4th Cir.1954) (real estate agent is in fiduciary relation to clients); *John P. Maguire & Co. v. Herzog,* 421 F.2d 419 (5th Cir.1970) (managing officer's use of corporate office to obtain a personal benefit at the expense of corporate creditors caused creditors' claims to be nondischargeable under section 17(a)(4) of the former Act).

[2] In *Fussell,* 15 B.R. at 1021, the debtor had misused his position as a corporate officer to obtain payment of his personal loans in direct contravention of a subrogation agreement and in violation of his fiduciary duties. The federal district court in Virginia applied section 523(a)(4) of the new Bankruptcy Code to prevent the discharge of Fussell's debt to the corporation. The court held that the improper application of corporate funds by the corporate officer for his personal benefit was a "defalcation" within the meaning of the Bankruptcy Code. 15 B.R. at 1022, citing *Kadish v. Phoenix-Scotts Sports Co.,* 11 Ariz.App. 575, 466 P.2d 794 (1970).

The term "defalcation" has been construed to be broader than embezzlement or misappropriation. *Fussell,* 15 B.R. at 1022, citing 3 *Collier on Bankruptcy* § 523.14(b) at 523-96 (15th ed.). Facts that have previously been construed to constitute "misappropriation" by corporate officers under the former section 17(a)(4) now fall under the broader term "defalcation" in section 523(a)(4). *Fussell,* 15 B.R. at 1022.

Decker cites *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934) for his contention that the fiduciary relationship required under 11 U.S.C. § 523(a)(4) is limited to those fiduciary relationships

arising from express and technical trusts. *Davis* is not controlling here. The Supreme Court in *Davis* was interpreting section 17 of the former Bankruptcy Act, which excepted from discharge liabilities created by fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity. 293 U.S. at 333, 55 S.Ct. at 153. Thus, when the Court interpreted the meaning of the term "fiduciary capacity" to require a technical or express trust, rather than a trust implied from a contract, the Court did *458 not mean to say that an officer of a corporation was not a fiduciary. In fact, the Supreme Court denied certiorari in a case that applied section 17 of the former Bankruptcy Act to debts of a corporate director or officer acting in violation of his fiduciary obligations. *In re Hammond*, 98 F.2d 703 (2d Cir.), *cert. denied*, 305 U.S. 646, 59 S.Ct. 149, 83 L.Ed. 418 (1938).

*Black's Inc. v. Decker (In re Decker)*, 36 B.R. 452 (D.C.N.D. 1983). The court's analysis and the authorities cited therein apply equally to the case at hand. Debtor's position as the sole shareholder, officer, director, and employee of T.F. Concrete, Inc. conferred upon him fiduciary and trustee duties and obligations which satisfy the "fiduciary capacity" requirement of 11 U.S.C. §523(a)(4).

Respectfully submitted,

Dated this 20th day of June, 2008

SWENSON LERVICK SYVERSON
TROSVIG JACOBSON, P.A.

_____
Derek A. Trosvig
Attorneys for Plaintiff
710 Broadway, P.O. Box 787
Alexandria, MN 56308
(320) 763-3141
Atty Id #241453